UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21113-CV-LENARD/GOODMAN

WESTCHESTER GENERAL HOSPITAL,
INC.,

    Plaintiff,
v.

DEPARTMENT OF HEALTH & HUMAN
SERVICES, CENTER FOR MEDICARE &
MEDICAID SERVICES, *et al.*,

    Defendants.
_____/

## Report and Recommendations on Motions for Summary Judgment

This matter is before me on the competing motions for summary judgment filed by Defendant, Department of Health and Human Services, Center for Medicare and Medicaid Services (DE# 12) and Plaintiff, Westchester General Hospital, Inc. (DE# 61). Having reviewed the parties' submissions and having held a hearing on the motions, and for the reasons below, I respectfully recommend that the District Court **grant t**he Department's motion and **deny** Plaintiff's motion.

    **I.**    **Factual Background**

On November 16, 2009, Plaintiff sent the Department a letter requesting permission to take the deposition of Debbie Paul, an auditor who works for Department intermediary First Coast Service Options, Inc. The deposition request concerns several audits she performed of Plaintiff's Medicare reimbursement requests for a graduate dental residency program run by Nova Southeastern University.[1] (DE# 1-5; DE# 20, ¶¶ 6-9; DE# 25-1, ¶¶ 6-9.) These audits

---

[1]     Underlying this federal case is a state court breach of contract action involving Plaintiff and Nova. (DE# 1-3.) Detailed background on this agreement can be found in Nova's state

resulted in the disallowance of substantial portions of Plaintiff's reimbursement requests. (DE# 12, pp. 2-3.) On January 14, 2010, Defendant also issued and served a state court subpoena duces tecum for deposition on Paul, seeking this same testimony and related documents.[2] (DE# 1, ¶ 13; DE# 12, p. 5.)

In its letter requesting Paul's testimony, Plaintiff specifically requested that Paul be allowed to testify on four categories of information: "her analysis and conclusions with respect to the Dental Program in connection with the audits of fiscal years 2001 through 2005; the sufficiency of the documentation provided in support of the Dental program; communications between Ms. Paul and Westchester regarding the Dental Program; and communications between Ms. Paul and Nova regarding the Dental Program." (DE# 1-5, § 1.)

Plaintiff also claims in its request for Paul's deposition testimony that the information is unavailable by any other means because First Coast "has sole access to the requested testimony, records, and information that resulted in the disallowance of substantial costs claimed in Westchester's costs reports relating to the dental residency program." (*Id.* at § II.)

---

court complaint and Plaintiff's counterclaims in that lawsuit, copies of which have been filed with this court. (DE# 1-3, 1-4.) In short, Plaintiff and Nova entered into an agreement under which Nova's dental school would run a graduate dental residency program and Plaintiff, using its Medicare provider status, would seek reimbursement for the costs of this program from the Department. This relationship broke down (thereby causing the underlying state lawsuit) when, due to Paul's audits, Medicare disallowed substantial portions of Plaintiff's reimbursement requests.

[2] At the hearing on the summary judgment motions, the parties informed the Court that the Department provided Plaintiff with all available necessary documentation and offered to authenticate these documents in the underlying state court case. The Department also more specifically indicated in its summary judgment motion that First Coast, who originally received the document subpoena, treated it as the functional equivalent of a FOIA request and produced the responsive documents accordingly. (DE# 12, p. 5 n.6.) Thus, this federal lawsuit is only about a request for deposition testimony.

Although Plaintiff describes Paul's involvement in the audit process and concludes Paul is the only source of this information, Plaintiff does not provide much detail of the basis for its conclusion. Plaintiff's request continues that "As discussed above, the testimony is in the interest of DHHS and the Federal Government because it involves the proper administration of the Medicare Program." (*Id.* at § III.) However, this generic statement aside, Plaintiff's description of the underlying state court lawsuit suggests the only party that would clearly benefit if the Department consented to the Paul deposition is Plaintiff itself. Though not directly relevant to this Court's task because it was not part of the administrative record, this perspective is confirmed in Plaintiff's complaint, where it alleges that "Paul's testimony is required to demonstrate the reasoning for the disallowances as it is Westchester's position in the Broward County litigation . . . that Nova breached the Affiliation agreement by failing to maintain accurate and contemporaneous documentation of the Dental Program." (DE# 1, ¶ 12.)

The Department, through its Administrator of Consortium for Financial Management and Fee for Service Operations, Nanette Foster Reilly, after consultation with government counsel, denied Plaintiff's request for testimony in a January 28, 2010 letter. (DE# 1-6.) Reilly's denial began by acknowledging that the Department understands what information Plaintiff is seeking. (*Id.*) Reilly continued on to explain the Department must deny Plaintiff's request because it disagreed that the information sought was unavailable by any other means. For example, Reilly explained (and not inconsistent with Plaintiff's request letter)[3] that the Department believed the parties themselves "are best able to testify with respect to any direct communications they may have had with Ms. Paul." (*Id.*). Reilly also noted that the Department denied Plaintiff's request

---

[3]   Plaintiff indicated in its letter that "Paul oversaw the relevant audits and was in direct contact with Westchester during the course of each audit." (DE# 1-5.)

3

in furtherance of its "policy to maintain impartiality with respect to private litigants and to minimize the disruption of official duties." (*Id.*)[4]

Plaintiff contends that the Department's denial of its request for Paul's testimony was arbitrary and capricious, and it filed the instant lawsuit challenging the denial under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-06.[5] (DE# 1.) Plaintiff desires relief in the form of an order setting aside the Department's decision and requiring Paul to appear for a deposition and to provide sworn answers on the requested information. (*Id.* at p. 5.) The Department argues that its decision was not arbitrary and capricious but was instead made after careful review of the request in light of its controlling regulations. (DE# 12, p. 10.) Both parties agree there is no genuine issue of material fact and they both have therefore moved for summary judgment. (DE# 12; DE# 61.)

---

[4] At the hearing, the parties advised me that the trial date and discovery in the underlying state court lawsuit have been stayed. Nevertheless, the parties also explained that the discovery stay is likely to be soon lifted. In some instances, these stays could render the summary judgment motions in this case moot or unripe. Based on the parties' joint explanation about the likelihood that discovery will resume, however, I consider it an appropriate time to rule on these motions.

[5] At this summary judgment stage, Plaintiff specifically relies upon 5 U.S.C. § 706(2)(a). (DE# 25, § III.) In its complaint, Plaintiff also argues that the Department's denial was "contrary to constitutional right, power, privilege, or immunity." (DE# 1, ¶ 24.) Plaintiff did not argue these grounds in either its response to the Department's summary judgment motion or its own summary judgment motion. It is likely that Plaintiff included this language as a matter of course to parrot the statute, 5 U.S.C. § 706(2)(b), and not purposefully to provide a different basis for its APA appeal. Nonetheless, because under the APA this is a valid ground for appeal, I respectfully recommend that the District Court determine Plaintiff **abandoned** these grounds for failure to raise them on summary judgment. *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) ("The [district] court was correct in its ruling. It could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment").

4

## II.     Standard of Review under the APA

5 U.S.C. § 301 authorizes an agency head to promulgate regulations limiting how its employees may disseminate information obtained in performance of their official duties.  *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1196-97 (11th Cir. 1991) ("an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations") (internal citation marks omitted; brackets in original).  The Supreme Court, in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951), upheld this authority in the context of private litigation to which the government was not a party.  Regulations promulgated under 5 U.S.C. § 301 are now commonly referred to as "*Touhy*" regulations.

Pursuant to the APA, 5 U.S.C. § 706(2)(a), a court may overturn an agency's decision to deny a party's request for employee testimony if the decision was "arbitrary and capricious."[6] *Moore*, 927 F.2d at 1197.  *See also, e.g.*, *Liberty Nat'l Life Ins. Co. v. Comm'r, Soc. Sec. Admin.*, 216 F.R.D. 681 (affirming agency decision to refuse employee testimony because the denial – justified on grounds that permitting testimony would disrupt agency operations, the information was available from another source, agency participation in lawsuit solely between private litigants did not benefit agency, and allowing testimony would violate agency's policy of impartiality among private litigants – was not arbitrary and capricious).

The Eleventh Circuit describes this standard as so "exceedingly deferential" that:

---

[6]     The parties agree that, despite her direct status as an employee of an outside contractor for the Department, Paul qualifies as a Department "employee" for summary judgment purposes under the applicable *Touhy* regulations and that the denial constitutes a "final agency action" ripe for review by this Court.  (DE# 1, §§ 3-5; DE# 12, p. 6.)  *Accord* 45 C.F.R. 2.2 ("Employee of the Department includes current and former . . . Employees of intermediaries"); *Puerto Rico v. United States*, 490 F.3d 50, 70 (1st Cir. 2007) ("Courts have held that an agency's refusal to comply with a subpoena constitutes final agency action ripe for review under the APA") (internal quotations, ellipses, and citations omitted).

> To determine whether an agency decision was arbitrary and capricious, the reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. This inquiry must be searching and careful, but the ultimate **standard of review is a narrow one.** Along the standard of review continuum, the arbitrary and capricious standard gives an appellate court the *least* latitude in finding grounds for reversal; administrative decisions should be set aside in this context . . . only for substantial procedural or substantive reasons as mandated by statute, . . . not simply because the court is unhappy with the result reached. The agency must use its best judgment in balancing the substantive issues. The reviewing court is not authorized to substitute its judgment for that of the agency concerning the wisdom or prudence of the proposed action.

*Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541-42 (11th Cir. 1996) (internal quotation marks, brackets, & citations omitted; italics emphasis in original, bold emphasis added) (also noting that district courts apply an identical standard). When reviewing an agency decision, the Court's analysis is limited to the administrative record as it existed before the agency at the time of its decision. *C.I.R. v. Neal*, 557 F.3d 1262, 1779 (11th Cir. 2009). "The reviewing court may obtain additional explanation of the agency decision through affidavits or testimony of the agency officials, but it may not substitute its own facts for those of the agency." *Id.*

The Department's *Touhy* regulations applicable to requests for testimony and documents are set out in 45 C.F.R. §§ 2.1-2.6. Pertinently, 45 C.F.R. § 2.1 provide that:

> No employee or former employee of the DHHS may provide testimony or produce documents in any proceedings to which this part applies concerning information acquired in the course of performing official duties or because of the person's official relationship with the Department unless authorized by the Agency head pursuant to this part based on a determination by the Agency head, after consultation with the Office of the General Counsel, that compliance with the request would promote the objectives of the Department.

In turn, 45 C.F.R. § 2.4(a) sets forth the information that the requesting party must provide for the Department's consideration:

6

> All requests for testimony by an employee or former employee of the DHHS in his or her official capacity and not subject to the exceptions set forth in § 2.1(d) of this part must be addressed to the Agency head in writing and must state the nature of the requested testimony, why the information sought is unavailable by any other means, and the reasons why the testimony would be in the interest of the DHHS or the federal government

### III. Analysis

#### a. The Parties' Positions

Plaintiff contends that the Department acted arbitrarily and capriciously when it denied Plaintiff's request for Paul's testimony. Plaintiff characterizes its argument in several ways. Plaintiff states that that the Department "failed altogether to apply its own regulations to Ms. Paul's testimony regarding her analysis and conclusions relating to the Dental Program and the sufficiency of the documentation provided to First Coast in support . . . The Denial Letter plainly fails to address the majority of the information sought by Westchester. And it is completely silent regarding why permitting Ms. Paul's testimony regarding any of the information requested by Westchester is not in the interest of DHHS or the federal government." (DE# 25, p. 8.) In other words, Plaintiff's argument is that the "failure of DHHS to follow its own regulations qualifies as arbitrary and capricious." (*Id.*)

The Department, on the other hand, argues that it is actually Plaintiff who failed to follow the *Touhy* regulations -- by submitting a request that insufficiently explains why Plaintiff is entitled to take Paul's deposition under the regulations. (DE# 25, pp. 6-8.) Notwithstanding the purportedly deficient request, the Department contends that its denial letter clearly shows it considered Plaintiff's request and appropriately denied it under the regulations. (*Id.* at p. 8.) At the hearing, the Department explained that it interprets its regulations as providing three separate bases for denial and placing on the requesting party the burden to show why they are entitled to

7

the testimony.  The Department also does not interpret its regulations as requiring it to provide a comprehensive analysis of each basis every time it denies a request.

In this instance, I conclude that Plaintiff submitted an at best barebones request and that Plaintiff has not demonstrated that the Department's rejection of this request was arbitrary and capricious.  I therefore respectfully recommend that the District Court grant the Department's motion and deny Plaintiff's motion.

As noted, this Court's review of the Department's denial is extremely deferential.  The decision of whether to permit testimony is "committed to the agency's discretion" – essentially a **policy decision**.  *Comsat Corp. v. National Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999).  Stated another way, my task in making a recommendation to the District Court is to determine whether the Department had some rationale premised on its own regulations that supports its decision.  My task is <u>not</u> to consider whether I agree with the policy implications of the decision or if I would have made a different decision had I been presented with the request for Paul's deposition testimony.  *Fund for Animals*, 85 F.3d at 541-42.  With these limitations in mind, Plaintiff did not establish that the Department's decision was arbitrary and capricious.  *Legal Envtl. Assistance Found., Inc. v. E.P.A.*, 276 F.3d 1253, 1265 (11th Cir. 2001) ("a party seeking to have a court declare an agency action to be arbitrary and capricious carries 'a heavy burden indeed'") (quoting *Transmission Access Policy Study Grp. v. F.E.R.C.*, 225 F.3d 667, 714 (D.C. Cir. 2000)).

### b.  Application of the Regulations

The regulations in question first require that the requesting party identify "the nature of the requested testimony."  Plaintiff did this when, as described above, it specifically requested testimony on four separate topics.  *Supra*, § I, p. 2.

The regulations next require the requesting party to state "why the information sought is unavailable by any other means." Plaintiff argues that it satisfied this second requirement as to all four topics, but it also contends that the denial letter improperly addressed only two of these four topics (i.e., the topics regarding communications between it, Nova, and Paul). (DE# 25, p. 8.) To be sure, I agree with Plaintiff's factual, non-controversial point that the Department's letter clearly discusses these two topics – but the letter did so when it explained that Plaintiff and Nova are themselves best able to testify with regard to these communications. Moreover, I find nothing arbitrary and capricious about the Department's conclusion that representatives' from Plaintiff and Nova – who admittedly participated in the communications in question – are best able to testify about these communications. Plaintiff has pointed to nothing in the administrative record demonstrating otherwise. Plaintiff's very request presupposes that either Plaintiff or Nova would have knowledge of their own communications with Paul.

Therefore, the remainder of the mirror image summary judgment motions concern only a dispute over the first two topics (involving Paul's analysis and conclusions for audits of the Dental Program for fiscal years 2001 through 2005 and the sufficiency of the documentation provided in support of the Dental Program). Plaintiff's position is that nowhere in the denial letter is there any reason for denying *these* portions of its request and that this omission is sufficient to demonstrate an arbitrary and capricious refusal to grant the request for deposition testimony. I disagree.

As I read the denial letter, it addresses these topics when it states that "we disagree the information sought is unavailable by any other means" and that "Our decision to decline the requested testimony is in keeping with the Department's policy to maintain impartiality with respect to private litigants and to minimize the disruption of official duties." (DE# 1-6.) I see no

substantial, substantive reason why this determination was wrong. *See Fund for Animals, Inc.*, 85 F.3d at 542. Plaintiff has pointed to nothing in the regulation or any other authority that requires the Department to provide a specific, exhaustive analysis of why it reached each conclusion. The regulation only provides that it is a requesting party's obligation to demonstrate why the information is unavailable by any other means and that allowing the testimony is in the Department's interest. Plaintiff clearly does not do this. Instead, it states in a conclusory fashion that "First Coast's records or information are not available from other sources," but it does not pinpoint (or even explain in general) *why* this is the case. Plaintiff merely discusses Paul's involvement with the audits. Nothing in this discussion explains why Paul would be the only person with the information requested.

In equally conclusory fashion, Plaintiff's request claims that "First Coast has sole access to the requested testimony, records, and information." At the hearing, Plaintiff also raised (for the first time) its concern that part of the reason it needed Paul's testimony is that Paul had failed to issue a final report regarding these audits and therefore the produced papers would not contain all of the desired information. However, as the Department explained (and as Plaintiff conceded at the hearing), this was technically not the case at the time of the Department's denial. The Department, through First Coast, had already provided Plaintiff with copies of the requested documents, namely, the audit work papers and reports. Moreover, it is undisputed that prior to Plaintiff even making its request, Plaintiff's representatives had communicated with Paul regarding her final conclusions.[7] (DE# 25-11.) It would not be appropriate for the Court,

---

[7] Although it claims it never received the "final report" it preferred, Plaintiff also admitted at the hearing and in its counterstatement of material facts that it has copies of emails between Paul and her supervisor explaining Paul's final audit conclusions. (DE# 25-1, ¶ 27.) Plaintiff attached copies of these emails to the declaration of Felix X. Rodriguez, one of its attorneys. (DE# 25-13.) For instance, with regard to the 2003 audits, one email from Paul explains that "As discussed on Friday, the reason for disallowance is a lack of rotation schedules/time sheets.

10

especially given *Plaintiff's* heavy burden, to make the assumption, unsupported by the administrative record, that the Department was not aware of these facts when it denied Plaintiff's request.[8]

In addition, Plaintiff's concern regarding the lack of a "final" report was not actually included in its request letter. My review is limited to the administrative record, which in this case consists only of the request and denial letters.[9] (DE# 69-1.) I cannot second-guess the adequacy of Department's response to a rationale that was not presented in the request. *See Neal*, 557 F.3d 1279.

---

Also, please be aware that 1) the provider does have other programs in addition to dental, and 2) the amounts on the as-filed cost report differed somewhat from the amounts submitted during audit for testing." (*Id.* at p. 2.) It is clear based on the clarification of the audit provided in these emails that in fact Paul's testimony was not the only source of information on these two topics. The regulations state that a requesting party must explain why "the information sought is unavailable by any other means," not why testimony from a department employee is the "best" or "preferred" source. 45 C.F.R. § 2.4(a). As a practical matter, even if these sources of information were not available, Plaintiff would likely still have access to the substance of the information it requested. Plaintiff acknowledged at the hearing that it had already retained expert witnesses for the state court case capable of testifying about why Nova breached the contract by providing insufficient documentation and replicating Paul's audit analysis.

[8] As I discuss in more detail below, it isn't even clear that Reilly's knowledge of these facts when making the Department's determination is relevant. Speaking strictly from a textual perspective, the regulations could reasonably be interpreted as requiring only that the person making the decision determine, after consulting with the Department's Office of the General Counsel, that compliance would not promote the Department's objectives. 45. C.F.R. § 2.1. Plaintiff has not provided any authority suggesting that even if the information in testimony or documents is unavailable elsewhere that the Department must grant the request where doing so would impair the Department's interests. In other words, Plaintiff provided no authority for the proposition that the Department must balance its interests against Plaintiff's interest.

[9] Plaintiff initially argued that the administrative record also includes "for instance, First Coast's audit workpapers, reports, and internal communications." (DE# 25, p. 2.) Before the hearing I ordered the parties to "submit a list of supplemental authorities on the question of what constitutes the administrative record when the limited issue is an agency's response under applicable *Touhy* regulations." (DE# 59.) No party provided any authority definitively addressing this question and Plaintiff abandoned this argument after the Department filed a "certified copy" of the record consisting only of the request and denial. (DE# 57; DE# 61.)

Finally, I find that, contrary to Plaintiff's assertion, the Department was not "completely silent regarding why permitting Ms. Paul's testimony . . . is not in the interest of DHHS or the federal government."[10] (DE# 25.) The denial letter plainly indicates that the Department believes allowing the testimony would harm the Department's twin objectives of maintaining impartiality with respect to private litigants and avoiding the disruption of official duties. (DE# 1-6.) *See, e.g., Moore*, 927 F.2d at 1198 (upholding denial based upon disruption of official duties rationale). Plaintiff claims Paul's deposition "would likely last no more than a few hours," but the Eleventh Circuit specifically rejected a similar argument in *Moore*. *Id.* This is because any given request may seem small in isolation, but an agency has an interest in protecting itself against the *cumulative* disruption to its duties that would come with routinely granting requests for testimony. *Id. See also Liberty Nat'l Life Ins. Co.*, 216 F.R.D at 688 (finding that in light of all the similar cases before the agency where such a request may be useful to a private litigant, "this Court simply cannot find that the agency's belief that allowing Nelson's testimony (for even just one hour) would unduly burden it is arbitrary and capricious").

I do not believe it would be appropriate for this Court to second-guess the Department's decision, which is, for all practical purposes, "essentially a policy decision about the best use of the agency's resources." *Comsat Corp.*, 190 F.3d at 278. *See also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 866 (1984) ("federal judges-who have no constituency-have a duty to respect legitimate policy choices made by those who do. The responsibilities for assessing the wisdom of such policy choices and resolving the struggle

---

[10] As an initial matter as to this argument, I must note that the regulation does not require a consideration of whether allowing the testimony is in the interest of the greater federal government, only the Department itself. Therefore, the Department had no obligation to address the entire federal government's interest in allowing testimony.

between competing views of the public interest are not judicial ones: 'Our Constitution vests such responsibilities in the political branches'") (quoting *TVA v. Hill*, 437 U.S. 153, 195 (1978)).

I also reject Plaintiff's contention at the hearing that the evidence shows the Department in effect "did not review anything" in preparing its denial letter. The letter clearly demonstrates that Reilly reviewed Plaintiff's request, both on her own and with the Department's general counsel, and considered the relevant regulatory criteria – which is all that is expressly required by the regulation. (DE# 1-6, p. 1); 45 C.F.R. § 2.1. *See also supra* note 7.

To be sure, the Department's rejection is not as comprehensive as might be preferred by a requesting party who believes it needs a government employee's testimony to win a private lawsuit against another private party. That said, I am aware of no requirement imposed by any statute, regulation or binding judicial opinion requiring the Department to make an exhaustive analysis of – or to even consider if not specifically brought to its attention by the requesting party – all possibly relevant material in making its determination, **and** to detail this exhaustive analysis in its denial letter. Plaintiff has not provided any such authority on this point, either. The Department's only obligation is to consider the information presented to it in a request in light of the Department's regulations. Private litigants do not have an absolute right to government information necessary to prosecuting a lawsuit to which the government is not a party. *Comsat Corp.*, 190 F.3d at 278.

Plaintiff objects to the denial letter's succinct nature, but Plaintiff itself made a cursory request when it asked to take Paul's deposition under the *Touhy* regulations. For instance, it identified no specific reason why it was in the Department's interest to grant the request. Plaintiff merely stated that "the testimony is in the interest of DHHS and the Federal Government because it involves the proper administration of the Medicare program." (DE# 1-5,

13

p. 2.) The same could be said about a request for testimony implicating *any* government program run by *any* agency. By arguing that this un-detailed, conclusory statement so satisfies 45 C.F.R. § 2.4(a) that the Department could not reasonably conclude allowing its employee to testify is not in the Department's interest, Plaintiff is in effect making the following argument: where the regulation says "in the interest of the DHHS," it *actually* means "related in any possible way to the DHHS." That is simply not what the regulation says. Plaintiff provided no specific reason why the Department had an interest in allowing this testimony and the Department had no obligation to think of one for the Plaintiff.[11]

### IV. Conclusions

I respectfully recommend that the District Court grant the Department's motion for summary judgment (DE# 12) and deny Plaintiff's motion for summary judgment (DE# 61). The Department's decision to deny Plaintiff's request for testimony was not arbitrary and capricious. The Department's response adequately addressed the substance of Plaintiff's request and this is especially so in light of the fact the request itself was largely conclusory in providing the information required by the regulations. Moreover, to the extent Plaintiff's complaint also lists as a basis for its APA appeal that the Department's denial was "contrary to constitutional right, power, privilege, or immunity," I also respectfully recommend that the District Court deem Plaintiff's appeal abandoned.[12]

---

[11] Because I find that the Department's denial was not arbitrary and capricious, it is unnecessary to consider the Department's conditional suggestion (DE# 29, p. 5) that the matter be remanded to the "agency for further consideration and to allow the agency to more fully develop the record."

[12] *See supra* note 5.

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within seven (7) days of receiving the other party's objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied,* 488 U.S. 958).

**RESPECTFULLY RECOMMEND**, in Chambers, in Miami, Florida, this 23rd day of February, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Joan A. Lenard

All counsel of record