UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21113-CIV-LENARD/GOODMAN

WESTCHESTER GENERAL
HOSPITAL, INC.,

    Plaintiff,

v.

DEPARTMENT OF HEALTH &
HUMAN SERVICES, CENTER FOR
MEDICARE & MEDICAID
SERVICES,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 71),
GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (D.E. 12), AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (D.E. 61)**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Jonathan Goodman ("Report," D.E. 71), issued on February 23, 2011.  Plaintiff Westchester General Hospital, Inc. ("Westchester") filed objections to the Report ("Objections," D.E. 72), on March 9, 2011, to which Defendant Department of Health & Human Services, Centers for Medicare & Medicaid Services ("DHHS") filed its response in opposition ("Response," D.E. 73), on March 14, 2011.  Having considered the Report, Objections, Response, related pleadings, and the record, the Court finds as follows.

I.   **Background**

This case involves a challenge to DHHS's denial of Westchester's request to depose one of its employees. On November 16, 2009, Westchester sent a letter to DHHS with an attached proposed subpoena duces tecum,[1] requesting permission to depose Debbie Paul ("Paul"), an audit branch manager for DHHS's intermediary, First Coast Service Options, Inc. (See "Touhy Request," D.E. 1-5.) Westchester seeks to depose Paul in connection with a state breach of contract lawsuit between itself and Nova Southeastern University, Inc. ("Nova").[2] Westchester's Touhy Request seeks Paul's testimony as to four areas: (1) her analysis and conclusions with respect to the dental program in connection with the audits of fiscal years 2001 through 2005; (2) the sufficiency of the documentation provided in support of the dental program; (3) communications between Paul and Westchester regarding the dental program; and (4) communications between Paul and Nova regarding the dental program. (Touhy Request at 2.) The request further states that:

> First Coast's records or information are not available from other sources. First Coast has sole access to the requested testimony, records, and information that resulted in the disallowance of substantial costs claimed in Westchester's cost reports relating to the dental residency program. Specifically, Ms. Paul oversaw the relevant audits and was in direct contact with Westchester during

---

[1]   There is no dispute regarding DHHS's production of requested documents. (See Report at 2 n.2; D.E. 12 at 5 n.6.)

[2]   The lawsuit relates to an agreement between Westchester and Nova, whereby Nova's dental school would run a graduate dental residency program at Westchester. Westchester would then use its Medicare provider status to seek reimbursement from Medicare for the costs of running the residency program. This agreement deteriorated after Medicare disallowed substantial portions of Westchester's reimbursement requests in connection with audits conducted by Paul. (See Report at 1-2 n.1; D.E. 1-3.)

the course of each audit. Ms. Paul's review and analysis of the dental program, including her finding of the insufficiency of the documents provided in support of the program, was made directly to Westchester. She was an integral part of the audits of Westchester's cost reports, and her analysis and conclusions with respect to the dental program and [sic] are important elements to the resolution of this lawsuit.

(Id.) In one sentence, the Touhy Request concludes that, "[a]s discussed above, the testimony is in the interest of DHHS and the Federal Government because it involves the proper administration of the Medicare program." (Id.) On or about January 21, 2010, Westchester also issued and served a state court subpoena duces tecum on Paul, requesting the same testimony. (See D.E. 12 at 5.)

On January 28, 2010, Nanette Foster Reilly ("Reilly"), an Administrator with the Consortium for Financial Management and Fee for Service Operations, denied authorization for Paul's deposition on behalf of DHHS. (See "DHHS Letter," D.E. 1-6.) The DHHS Letter first reiterates the four categories of testimony sought as outlined in the Touhy Request. (Id. at 1.) The letter then states:

> In accordance with 45 C.F.R. §2.4, we disagree that the information sought is unavailable by any other means. The parties to this case, themselves, are best able to testify with respect to any direct communications they may have had with Ms. Paul. Our decision to decline the requested testimony is in keeping with the Department's policy to maintain impartiality with respect to private litigants and to minimize the disruption of official duties in accordance with 45 C.F.R.2.1. (Our OGC also cited *Moore v. Armour Pharmaceuticals Co*, 927 F.2d 1194 (11th cir. 1991)).

(Id.)

On April 7, 2010, Westchester filed the instant lawsuit seeking an order from this

3

Court setting aside DHHS's decision to deny Paul's deposition as arbitrary and capricious pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), and ordering Paul to appear for a deposition. On June 11, 2010, DHHS filed a motion for summary judgment ("DHHS's Motion," D.E. 12).[3] On January 21, 2011, Westchester filed its motion for summary judgment ("Westchester's Motion," D.E. 61).[4] On February 15, 2011, the Magistrate Judge held a hearing on the Parties' motions. (See D.E. 70.) Both sides acknowledge that there are no genuine issues of material fact for trial. (See Report at 4.) On February 23, 2011, the Magistrate Judge issued his Report, recommending the Court grant DHHS's Motion and deny Westchester's Motion.

## II.     Magistrate Judge's Report and Objections

The Report concludes that under the deferential review afforded agency decisions, DHHS's decision to decline authorization for Paul's testimony was not arbitrary and capricious. First, the Report determines DHHS's Letter addresses all of the requested information through its explanation that "we disagree that the information sought is unavailable by any other means" and "[o]ur decision to decline the requested testimony is in keeping with the Department's policy to maintain impartiality with respect to private litigants and to minimize the disruption of official duties." (Report at 9.) Second, the Report examines Westchester's Touhy Request and found it somewhat deficient under DHHS's

---

[3] On July 13, 2010, Westchester filed its response in opposition, to which DHHS filed its reply on July 23, 2010. (See D.E. 25, 29.)

[4] On February 7, 2011, DHHS filed its response in opposition. (See D.E. 68.)

relevant regulations. While Westchester outlined the nature of the four areas of testimony it sought, it made only conclusory statements as to the unavailability of the information from other sources and how permitting the testimony would be in DHHS's interest. For example, the Touhy Request does not provide any explanation of how or why the information sought is unavailable from other sources. Nor did the Touhy Request explain why permitting Paul's testimony would be in DHHS's interest. Thus, the Report concludes that DHHS addressed the substance of Westchester's request, particularly given the conclusory and brief nature of the request itself. Finally, the Report rejects Westchester's concern, raised for the first time at the February 15, 2011, hearing, that it needed Paul's testimony as no final report regarding DHHS's audits had ever been issued. The Magistrate Judge noted there was no dispute as to the existence of numerous communications between Paul and Westchester regarding her final conclusions. Thus, the Report finds DHHS's decision should not be overturned as arbitrary and capricious.[5]

Westchester objects to the Report and contends DHHS's decision was a clear error of judgment that must be reversed under the APA. Specifically, the Objections identify two flaws with the Report: (1) the Magistrate Judge erred in concluding that DHHS's Letter addresses its Touhy Request with its inadequate and conclusory responses to all of the

---

[5] The Report also recommends that the Court deem abandoned Westchester's appeal of the decision on the grounds that it was "contrary to constitutional right, power, privilege, or immunity" pursuant to 5 U.S.C. § 706(2)(B). Westchester raised this basis for its claim in the Complaint. (See D.E. 1 at ¶ 24.) Because Westchester does not object to this recommendation or otherwise suggest it has not abandoned this basis, the Court **ADOPTS** this portion of the Report and finds Westchester has abandoned this argument.

requested information except for testimony regarding communications between Paul and Westchester or Nova; and (2) the Magistrate Judge erred in finding the Touhy Request to be "an at best barebones request" that was "largely conclusory in providing the information required by the regulations." Westchester contends that if DHHS viewed the Touhy Request as insufficient it could have denied the request on that basis or at least acknowledged as much in its letter.

In response, DHHS contends that Westchester's Objections fail to raise any new issues. First, DHHS notes that Westchester has abandoned its argument that the denial of its two requests for testimony regarding communications between Paul and Westchester or Nova was arbitrary and capricious. Next, DHHS argues the Report thoroughly addressed DHHS's Letter in light of Westchester's Touhy Request and properly determined the response was not arbitrary and capricious.

### III.  Standard of Review

Upon receipt of the Report and the objections of the parties, the Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007).

**IV.     Discussion**

5 U.S.C. § 706(2)(A) provides that, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be -- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  As noted by the Magistrate Judge, this standard of review is "exceedingly deferential."  See Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996).  "To determine whether an agency decision was arbitrary and capricious, the reviewing court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  Id. (internal quotation omitted).  Additionally, the reviewing court is limited to the administrative record as it existed at the time of the agency's decision.  See C.I.R. v. Neal, 557 F.3d 1262, 1279 (11th Cir. 2009).  As a result, "a party seeking to have a court declare an agency action to be arbitrary and capricious carries a heavy burden indeed."  Legal Envtl. Assistance Found. v. E.P.A., 276 F.3d 1253, 1265 (11th Cir. 2001) (internal quotation omitted).

The federal "housekeeping statute," 5 U.S.C. § 301, authorizes executive agencies to promulgate regulations regarding the production or disclosure of agency information, including testimony by agency employees.  See United States ex rel. Touhy v. Ragen, 340 U.S. 462, 469-70 (1951); Moore v. Armour Pharm. Co., 927 F.2d 1194, 96-97 (11th Cir. 1991); United States ex rel. Lewis v. Walker, 2009 U.S. Dist. LEXIS 74214 at *6 (M.D. Ga. 2009).  Regulations promulgated under the federal housekeeping statute are now commonly

referred to as an agency's Touhy regulations.  See Boca Raton Cmty. Hosp. Inc. v. Tenet Healthcare Corp., 2006 U.S. Dist. LEXIS 38560 at * 4 n.1 (S.D. Fla. 2006).

DHHS's pertinent Touhy regulations are found in 45 C.F.R. §§ 2.1-2.6. Section 2.4(a) sets forth the conditions under which a party may request testimony from a current or former DHHS employee.  45 C.F.R. § 2.4.  That provision provides that:

> All requests for testimony by an employee or former employee of the DHHS in his or her official capacity and not subject to the exceptions set forth in § 2.1(d) of this part must be addressed to the Agency head in writing and <u>must state the nature of the requested testimony, why the information sought is unavailable by any other means, and the reasons why the testimony would be in the interest of the DHHS or the federal government</u>.

Id. (emphasis added).  Thus, a party requesting testimony from a current DHHS employee must state in writing: (1) the nature of the testimony sought; (2) why it is unavailable through other means; and (3) why the testimony would be in DHHS or the federal government's interest.

In this case, Westchester's Touhy Request mostly parrots the language of DHHS's regulations but fails to actually set forth any detail.  The Touhy Request sets forth the four areas of testimony sought.  Westchester concedes DHHS's Letter addresses the communications between Paul and Westchester or Nova.  At issue are only the first two areas of inquiry or (1) Paul's analysis and conclusions with respect to the dental program in connection with the audits of fiscal years 2001 through 2005 and (2) the sufficiency of the documentation provided in support of the dental program.  Paul's analysis and conclusions with respect to the dental program were provided to Westchester admittedly through "direct

8

contact with Westchester" or "directly to Westchester" via various e-mails or communications stating Paul's final audit conclusions. (See Touhy Request at 2; D.E. 25-1 at ¶¶ 25, 27.) DHHS also provided Westchester with workpapers and documents related to its audits demonstrating Paul's analysis and conclusions as well as the insufficiency of the documentation provided to DHHS. While Paul was an integral part of the audits of Westchester's cost reports, there is little indicating the information sought from her testimony was unavailable from other sources, including those provided in response to the Touhy Request. Moreover, Westchester simply states that Paul's testimony "is in the interest of DHHS and the Federal Government because it involves the proper administration of the Medicare Program." This statement is very vague and conclusory. It is unclear how permitting Paul's testimony serves anyone's interest other than Westchester's interest in bolstering its case in the state breach of contract action. In response, DHHS responded that Paul's testimony would not be in its interest given DHHS's policy to maintain impartiality with respect to private litigants and to minimize the disruption of official duties. Denial of permission to authorize a deposition may be permissible under such circumstances. See Moore, 927 F.2d at 1198; Liberty Nat'l Life Ins. Co. v. Comm'r, 216 F.R.D. 681, 688 (S.D. Ala. 2003). The Magistrate Judge correctly concluded that it would not be appropriate for the Court to "second-guess" DHHS's policy decision regarding the use of its resources. (See Report at 12 (citing Comsat Corp. v. Nat'l Sci. Found., 190 F.3d 269, 278 (4th Cir. 1999); Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 866 (1984)).

9

Based upon the information requested in Westchester's Touhy Request, the Court agrees with the Magistrate Judge that DHHS's denial of permission to depose Paul was not arbitrary and capricious. DHHS adequately considered the relevant factors and its decision contains no clear error of judgment. Regardless of whether the Court would have reached a different decision, the Court must afford substantial deference to the agency's decision where it is not arbitrary and capricious, as is the case here, and supported by the administrative record. Additionally, with regard to Westchester's belated need for a "final report" detailing why the documentation was deficient, the Court finds DHHS adequately responded to such a request to the extent it was initially requested and DHHS cannot be said to have acted improperly where Westchester only now requests testimony based upon the lack of a final report. Accordingly, consistent with this Order, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge (D.E. 71), issued on February 23, 2011, is **ADOPTED**;

2. Defendant's Motion for Summary Judgment (D.E. 12), filed on June 11, 2010, is **GRANTED** and Plaintiff's Motion for Summary Judgment (D.E. 61), filed on January 21, 2011, is **DENIED**;

3. All other pending motions are **DENIED AS MOOT**;

4. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2011.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**